## ATLAS SAVINGS & LOAN CO v GINN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11462. Decided May 4, 1931

Tolles, Hogsett & Ginn, Cleveland, for Atlas Savings & Loan Co.

Leslie, Nichols, H. M. Prucha, Cleveland, for Ginn et.

Cohn & Ripner, Cleveland, for May Co.

HORNBECK, PJ and KUNKLE, J (2nd Dist), and SHERICK, J (5th Dist), sitting.

524

the May Co., did not consider the amount of it of sufficient consequences to protect himself against it.

To extend the right of subrogation in judicial sales to the extent required to protect Emerson Ginn here would not be conducive to stability of title nor does it appear that it would be entirely equitable to the May Company.

We, therefore, are of the opinion that the judgment of the trial court was correct and it will therefore be affirmed.

HORNBECK, PJ and KUNKLE and SHERICK, JJ, concur.

## ROHRER v STATE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1052.  Decided April 20, 1931

### BY THE COURT.

It is the claim of plaintiff in error that it is subrogated to the right of Emerson R. Ginn who having paid off the first mortgage of the Real Estate Securities Co., should be held to be substituted to the rights of said mortgagee.

Our attention is directed to a number of authorities both for and against the proposition of plaintiff in error. Especially is our attention invited to an annotation following the case of Federal Land Bank v Marvin, 70 A. L. R. p. 1396 et seq.

We have no doubt that the weight of authority is in accord with this annotation, but we do not believe it has application here.

It seems to us that plaintiff in error attempts in this case to carry the doctrine of subrogation too far.  In the foreclosure suit of 1923, had Emerson Ginn purchased the real estate the doctrine would apply against The May Co., had it been made a party, but seven years later is too late for this court to determine the equities as existing between Emerson Ginn and the May Company.

The May Company, although a lienholder of record, was not made a party in the foreclosure proceeding of 1927, and plaintiff in error loaned its money to Myra J. Ginn who took title to quit-claim from the purchaser from the sheriff.  Under this situation it is within the realm of possibility that the purchaser knowing of the lien by